

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

January 18, 2023

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

RE: *Abbott v. Biden*, No. 22-40399 (5th Cir.) (argument held Nov. 8, 2022)

Dear Mr. Cayce:

Governor Abbott appealed the denial of a motion for preliminary injunction seeking to enjoin application of the military's COVID-19 vaccination requirement to the non-federalized Texas National Guard. On January 10, 2023, at the direction of Congress, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. Because the non-federalized Texas National Guard is no longer subject to the challenged requirement, Governor Abbott has obtained all the relief that he sought in this appeal. This appeal is therefore now moot and should be dismissed.

**A.     Background**

1. On August 24, 2021, the Secretary of Defense issued a directive adding the COVID-19 vaccine to the list of required vaccines for military service members and directed the military departments to immediately begin vaccination for "all members of the Armed Forces under [Department of Defense (DoD)] authority on active duty or in the Ready Reserve, including the National Guard." ROA.264. On November 30, 2021, the Secretary of Defense elaborated on this directive as to the National Guard and ordered that non-federalized National Guardsmen who refused vaccination without an exemption or pending exemption request after the deadline could not participate in Title 32 training and could not be paid for Title 32 duties. ROA.274. The Secretaries of the Air Force and the Army then issued guidance implementing this requirement.

2. Texas governor Greg Abbott filed suit, alleging that the COVID-19 vaccination requirement violated the Constitution and the Administrative Procedure Act. *See* ROA.26-30. A few weeks later, Governor Abbott filed an amended complaint adding Alaska governor Mike Dunleavy as a plaintiff, ROA.98-99, and adding a claim that the military exceeded its statutory authority in enforcing the COVID-19 vaccination requirement against "National Guardsmen under state control," ROA.116.

Plaintiffs' amended complaint sought declaratory and injunctive relief. Specifically, plaintiffs asked the court to (1) "[d]eclare that the DoD Vaccine Mandate and its enforcement against non-federalized Texas and Alaska National Guardsmen violates the U.S. Constitution and federal law"; (2) "[d]eclare that Defendants' actions in imposing and enforcing the DoD Vaccine Mandate against non-federalized Texas and Alaska National Guardsmen are *ultra vires*; (3) "[s]et aside the DoD Vaccine Mandate as applied to non-federalized Texas and Alaska National Guardsmen"; (4) "[p]reliminarily and permanently enjoin the Defendants, and any other agency or employee of the United States, or any individual working in concert with them, from enforcing the DoD Vaccine Mandate as to non-federalized Texas and Alaska National Guardsmen." ROA.119. Plaintiffs also asked the court to award them "costs and reasonable attorneys' fees" and "such other relief as the Court deems equitable and just." ROA.119.

Governor Abbott then moved for preliminary relief, "request[ing] that the Court enjoin the Defendants from applying the Enforcement Memoranda or enforcing them as to non-federalized members of the Texas National Guard." ROA.255. Governor Dunleavy filed a brief joining in Governor Abbott's motion and requesting that "any injunction the Court might issue likewise enjoin Defendants from applying the Enforcement Memoranda to non-federalized members of the Alaska National Guard." ROA.331. The district court denied the preliminary injunction following a hearing, and Governor Abbott appealed.[1] Oral argument was held on November 8, 2022 before Judges Stewart, Willett, and Oldham.

3. On December 23, 2022, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA). The NDAA directed the Secretary of Defense to "rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021." *See* 117th Cong. § 525 (2022). As a result, on January 10, 2023, the Secretary

---

[1] To the extent Governor Dunleavy had independently moved for relief, the district court denied his motion "for lack of evidentiary support and noncompliance with the court's local rules." ROA.664. Governor Dunleavy has not appealed.

of Defense rescinded the mandate. *See* DoD, Memorandum re: Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces (Jan. 10, 2023), https://perma.cc/L9L2-PF6F (Rescission Memorandum) (rescinding the August 24, 2021 and November 30, 2021 memoranda imposing the requirement).

On January 11, 2023, this Court entered an order requiring the parties to submit letter briefs "addressing how, if at all, Department of Defense's new policy affects the appropriate disposition of this case."

### B.    Discussion

Governor Abbott asked the district court to enjoin a directive of the military that no longer exists. This appeal is therefore moot and should be dismissed. Governor Abbott's complaint in the district court also sought only prospective declaratory and injunctive relief. Were this Court to consider the question, the entire suit is now moot and should be dismissed.

1. The mootness doctrine "ensures federal courts are only deciding live cases or controversies." *Spell v. Edwards*, 962 F.3d 175, 178-79 (5th Cir. 2020). Because a challenge is moot when the court cannot grant effectual relief to the prevailing party, "a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Id.* at 179. After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.*; *accord DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (abandonment of policy mooted claim for injunctive and declaratory relief). In short, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted).

Consistent with these principles, this Court routinely dismisses appeals, including appeals of preliminary injunction denials, when the challenged policy changes during the litigation. In *Spell*, for example, plaintiffs appealed the denial of a preliminary injunction that would have stopped enforcement of certain COVID-19 stay-at-home orders. 962 F.3d at 177-78. Because the orders had expired, plaintiffs' request for injunctive relief was moot. *Id.* at 177-80. The Court therefore dismissed the appeal and vacated the district court's order denying the preliminary injunction. *Id.* at 180; *see also DeMoss*, 636 F.3d at 150-51 (rejecting appeal of preliminary injunction denial and vacating district court's summary judgment ruling on challenged prison policy's legality because policy had been rescinded during the litigation). Similarly, in *Yarls*, plaintiffs

appealed the dismissal of their constitutional challenge to the Orleans Public Defender's practice of placing indigent, non-capital defendants on waitlists for appointed counsel. 905 F.3d at 907. Because the Louisiana legislature's allocation of funding had eliminated the waitlists, the Court dismissed the appeal as moot. *Id.* at 909, 912.

Governor Abbott has requested a preliminary injunction preventing the military from applying or enforcing its COVID-19 vaccination requirement as to non-federalized members of the Texas National Guard. *See* ROA.255. The military's COVID-19 vaccination requirement has now been eliminated pursuant to an act of Congress. Because there is no longer a COVID-19 vaccination requirement to enjoin, Governor Abbott's request for injunctive relief as that requirement is moot. Put differently, a preliminary injunction against a non-existent policy cannot grant effectual relief to Governor Abbott. *See Yarls*, 905 F.3d at 909-10 ("[T]here remains no live controversy as to these Appellants, and any relief they seek now would be meaningless. The waitlists were controversial, but that controversy has concluded." (quotation marks omitted)). Governor Abbott's appeal should therefore be dismissed.

No exception to mootness calls this conclusion into question. The rescission of the military's COVID-19 vaccination requirement was mandated by Congress. *See Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018) (explaining that the appeal there "was mooted by actions of the Louisiana legislature, which [was] not a party to this suit" and so "[n]o 'fault' in mooting the appeal [was] attributable to any of the defendants, even though some of them [were] officials of the State of Louisiana"). Nor is there any cause to think the rescission was "mere litigation posturing"; this Court accords a presumption of good faith to government action and treats changes in law as extinguishing the controversy. *Yarls*, 905 F.3d at 910-11 (quotation marks omitted); *see also DeMoss*, 636 F.3d at 150-51. Nor further is there any reasonable expectation that the COVID-19 vaccination mandate will be reinstated and evade review.

2. As explained, the appeal should be dismissed because it is moot. If the Court decides to consider whether the case as a whole is moot, it should reach the same conclusion. *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020) ("The plaintiffs' complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot."). Governor Abbott sought only prospective relief—specifically, declarations that the military's COVID-19 vaccination requirement was unlawful and preliminary and permanent injunctive relief against the requirement. *See* ROA.119. For the reasons discussed above, any claim for prospective relief against a non-existent requirement is now moot. *See Harris v. City of Houston*, 151 F.3d 186, 190-91 (5th Cir. 1998) (case was moot when the plaintiffs sought only prospective relief and changed circumstances prevented the Court from granting effectual prospective relief). A permanent injunction of a rescinded policy would not affect the parties' rights. Nor can

4

Governor Abbott's suit continue on the basis of his request for declaratory relief, as "[r]equests for declaratory relief may sustain a suit only when the claims challenge . . . some *ongoing* underlying policy rather than merely attack[ing] an isolated . . . action." *Id.* at 191 n.5 (emphasis added) (quotation marks omitted) (alterations in original). In short, Governor Abbott's challenge to the now-rescinded military COVID-19 vaccination requirement is moot and should be dismissed.

                                                             Sincerely,

                                                             */s/ Sarah J. Clark*
                                                             Sarah J. Clark
                                                             Counsel for the United States

cc:      Counsel of Record (via CM/ECF)