

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

RYAN S. BAASCH
Assistant Solicitor General

(512) 936-1700
Ryan.Baasch@oag.texas.gov

January 18, 2023

**Via CM/ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

>   **Re:** *Abbott v. Biden et al.*, No. 22-40399

Dear Mr. Cayce:

The Court requested letter briefing on "how, if at all, [the] Department of Defense's new policy affects the appropriate disposition of this case." DOD's new policy does not affect disposition of this appeal because, although it rescinds Defendants' COVID-19 vaccination mandate, it expressly reserves authority to punish persons who failed to comply with the mandate while it was in effect. This appeal concerns Governor Abbott's motion for a preliminary injunction preventing such enforcement. The new policy would, however, affect the scope of the case on remand because Governor Abbott's separate requested relief of vacatur is no longer at issue.

Governor Abbott brought this suit to challenge Defendants' COVID-19 vaccination mandate as applied to non-federalized National Guardsmen. That mandate was operationalized beginning with Secretary Austin's August 24, 2021 memorandum to his subordinates to "begin full [COVID-19] vaccination of all members . . . including the National Guard." ROA.264-65. As Governor Abbott's briefing explained, and as the Defendants conceded at oral argument, Defendants have threatened a series of punishments for Guardsmen who do not comply, including courts-martial, discharge, restriction on Title 32 training participation, and withholding of individual pay. *See, e.g.*, Appellant's Opening Br. at 23-27; ROA.424-

Page 2

26. Governor Abbott's challenge to the mandate encompasses a challenge to these threatened "punishments." ROA.114 (operative complaint). And Governor Abbott's requested relief includes "[p]reliminarily and permanently enjoin[ing] the Defendants . . . from enforcing the DoD Vaccine Mandate as to non-federalized Texas" Guardsmen. ROA.119. This appeal arose out of the district court's denial of a preliminary injunction.

On December 23, 2022, the President signed into law the National Defense Authorization Act for Fiscal Year 2023. That Act directed Secretary Austin to rescind the "mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to [his] memorandum dated August 24, 2021." *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, 117th Cong. § 525 (2022). But the Act does not say anything about whether Secretary Austin's August 24 memorandum was lawful while in effect, nor does it purport to control whether Secretary Austin can continue to punish noncompliance with the memorandum.

On January 10, 2023, Secretary Austin issued a new memorandum (the New Policy) rescinding his August 24 memorandum. *See* Dkt No. 52 at 3. The New Policy, however, expressly reserves authority to punish persons who did not comply with the August 24 memorandum while it was in effect. Unvaccinated persons are protected from punishment only if they "sought an accommodation" from the vaccination requirement while it was in effect. *Id.* But, as explained in the accompanying Declaration of Major General Thomas Suelzer, over 1,000 unvaccinated Texas National Guardsmen never sought such accommodation. Ex. A ¶¶ 7-9.

Defendants' New Policy does not affect the disposition of this appeal because Governor Abbott's Guardsmen are still faced with the same threatened punishment that was present before Defendants issued the New Policy. This is not a case, then, where a change in policy results in mootness. "An intervening event" such as the New Policy "will only render a plaintiff's action moot if the plaintiff is divested of all personal interest in the result or the effect of the alleged violation is completely eradicated." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). Because Defendants have reserved authority to punish over 1,000 Texas National Guardsmen for failure to vaccinate, the New Policy does not "completely eradicate" the August 24 memorandum's effects. *Id.*; *see also, e.g.*, *First Nat. Bank of Lamarque v. Smith*, 610 F.2d 1258, 1263 (5th Cir. 1980) (new regulation "certainly does not

Page 3

moot" challenge to old agency directive where old directive continued to govern conduct that occurred while it was operative); *Kirchberg v. Feenstra*, 450 U.S. 455, 459 n.6 (1981). Even though the vaccination requirement is no longer operative, the Court has jurisdiction to prevent the "collateral consequences" of that action from accruing. *Dailey*, 141 F.3d at 227; *see also Connell v. Shoemaker*, 555 F.2d 483, 486-88 (5th Cir. 1977) (lawsuit against Army not moot, even though challenged Army action was expired, because of "collateral consequences" of challenged action); *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1117 (9th Cir. 2020) (challenge to outdated regulations not moot because plaintiff "ha[d] not complied with the" regulations while they were active). And an injunction against enforcement would prevent those collateral consequences.

The New Policy does, however, affect the *scope* of the relief Governor Abbott is seeking. *Accord Lamarque*, 610 F.2d at 1263 (new regulation "limits the scope" of case but does not moot it). Specifically, because Secretary Austin rescinded his COVID-19 vaccine mandate, there is no longer any relevant action to "vacate." *See* ROA.119 (requesting this relief in addition to an injunction). That will become relevant on remand. But this appeal concerns only the district court's denial of a preliminary injunction. *See, e.g.*, 5 U.S.C. §§ 703, 706 (distinguishing between a court's authority to enjoin, versus "set aside" (vacate) agency action). And nothing about the New Policy affects Governor Abbott's entitlement to that relief.

Respectfully submitted.

/s/ Ryan S. Baasch

Ryan S. Baasch
Assistant Solicitor General

*Counsel of Record for Plaintiff-Appellant Governor Greg Abbott*

cc: counsel of record (via CM/ECF)

# EXHIBIT A

No. 22-40399

# In the United States Court of Appeals for the Fifth Circuit

Greg Abbott, in his official capacity as Governor of the State of Texas,

*Plaintiff-Appellant,*

*v.*

Joseph R. Biden, in his official capacity as President of the United States; Department of Defense; Lloyd Austin, Secretary, U.S. Department of Defense; Department of the Air Force; Frank Kendall, III, in his official capacity as Secretary of the Air Force; Department of the Army; Christine Wormuth, in her official capacity as Secretary of the Army,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division

## DECLARATION OF THE ADJUTANT GENERAL, MAJOR GENERAL THOMAS M. SUELZER

1.      I, Major General Thomas M. Suelzer, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

2.      I currently serve as the 53rd Adjutant General of the Texas National Guard. I have held this position since March 2022. I served as Assistant Adjutant General-Air, from January 2021 to March 2022. I also served as the Director, Joint Staff, Joint Force Headquarters-Texas from January 2019 to January 2021. I have a Bachelor of Science degree in political science from the United States Air Force Academy, Colorado Springs, CO and a Master's degree in aeronautical science from

Embry-Riddle Aeronautical University, Daytona Beach, FL. I submit this declaration based on personal knowledge.

3.     On August 24, 2021, United States Secretary of Defense Lloyd Austin issued a memorandum directed the Secretaries of the Military Departments to begin full COVID-19 vaccination of servicemembers, including members of the National Guard.

4.     On August 25, 2021, Governor Greg Abbott issued Executive Order GA-39, directing that no governmental entity can compel any individual to receive a COVID-19 vaccine.

5.     On October 4, 2021, Governor Abbott notified my predecessor Major General Tracy Norris that the Texas National Guard and the Texas State Guard are governmental entities that cannot compel any individual to receive a COVID-19 vaccine.

6.     On January 10, 2023, Secretary Austin issued a new memorandum "rescind[ing]" his August 24, 2021 memorandum. His new memorandum specifies that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds." It is my understanding, based on this language, that Secretary Austin is purporting to reserve authority to "separate[]," or otherwise punish, National Guardsmen who refused to receive the COVID-19 vaccination but did not seek an accommodation on religious, administrative, or medical grounds.

7.      There are presently large numbers of Texas Air National Guard and Army National Guard members who are not vaccinated for COVID-19, and who did not seek an accommodation while Secretary Austin's August 24, 2021 memorandum was in effect.

8.      As of January 17, 2023, there are 67 Texas Air National Guardsmen who are unvaccinated. These 67 members have not requested an accommodation.

9.      As of January 17, 2023, there are 1492 Texas Army National Guardsmen who are unvaccinated, and 222 who have received only one dose of the full two-dose mRNA initial vaccination series. Of these 1714 members who are unvaccinated or not fully vaccinated, only 350 have requested an accommodation.

10.    For materially the same reasons described in Major General Norris's Declaration dated February 7, 2022 (ROA.288-302), loss of any of these service members would inflict irreparable injury on the Texas National Guard.


Executed January 18, 2023
Austin, TX


Thomas M. Suelzer
Adjutant General of Texas